IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alvin Wayne Jackson, Jr., #251767, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Colie L. Rushton; and Henry Dargan ) <br> McMaster, Attorney General for the ) <br> State of South Carolina, ) <br> ) <br> Respondents. ) <br> _____) | Civil Action No. 6:03-0680-RBH-WMC <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner is currently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Sumter County. At the April 1998 session of the Court of General Sessions, the Sumter County grand jury indicted the petitioner for carjacking, kidnaping, armed robbery, possession of a firearm during the commission of or an attempt to commit a violent crime, possession of a pistol by a person under 21, and grand larceny of a vehicle. On August 3, 1998, before the Honorable Thomas G. Cooper, the petitioner pleaded guilty to armed robbery, kidnaping, and possession of a weapon during the commission of a violent crime. Judge Cooper sentenced the petitioner to 20 years for the armed robbery,

20 years for the kidnaping, and five years for possessing a weapon during a violent crime, to run concurrently. The petitioner was represented by attorney Jack D. Howle, Jr. The petitioner did not appeal the convictions or sentences. On August 12, 1998, the petitioner filed a motion to reconsider the sentence that was imposed.

On February 25, 2003, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

> **Ground One**: I would aver that the Circuit Court of Sumter County lacked [J]urisdiction to entertain my case, and sentence me, thus violating my 14th Amendment Right to the United States Constitution . . .
>
> **Ground Two**: I would aver that I received ineffective assistance of counsel, thus violating my 6th, and 14th Amendment rights to the United States Constitution . . .
>
> **Ground Three**: I would aver that my plea of guilty was not freely, knowingly, voluntarily, and intelligently given to the court, thus violating my rights under the 14th Amendment to the U.S. Const..
>
> **Ground Four**: I would aver that I am being held in custody in violation of the 14th Amendment to the United States Constitution, because the evidence in support of my state conviction for armed robbery cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt on every fact, and element of the offense.
>
> **Ground Five**: I would aver that I am being held in custody in violation of the 14th Amendment to the U.S. Constitution, because the evidence in support of my state conviction for "possession of a weapon during a violent crime" cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt on every fact, and element of the offense.
>
> **Ground Six**: I would aver that my 14th Amendment right to the United States Constitution was violated by my motion for reconsideration not being adjudicated in 4 1/2 years.
>
> **Ground Seven**: I would aver that the Circuit Court of Sumter County lacked Subject Matter Jurisdiction to entertain my case,

>  and sentence me, thus violating my rights under the 14th Amendment to the U.S. Constitution.

(Pet. mem. 2,3,6,10,13,16,17).

On April 29, 2003, the respondents filed their first motion for summary judgment on the grounds that the petitioner has failed to exhaust his remedies in state court. As of that date, the state court had not ruled on the petitioner's motion to reconsider his sentence, even though it had been pending for nearly five years. On May 23, 2003, the undersigned recommended that the petition for summary judgment be denied because the delay in ruling on the petitioner's motion for reconsideration rendered state court remedies ineffective. On March 18, 2004, the Honorable C. Weston Houck adopted the recommendation and denied the respondents' motion for summary judgment. The court noted that state court remedies were ineffective because, by that time, the petitioner's motion for reconsideration had been pending 5½ years. Therefore, the court excused the exhaustion requirement and determined that the habeas corpus petition should be addressed on the merits.

On April 21, 2004, the respondents filed a supplemental motion for summary judgment on the grounds that the petitioner's habeas corpus petition was moot because the trial court denied his motion for reconsideration following a hearing on April 14, 2004. The respondents contended that the only relief sought by the petitioner in his habeas petition was a state court ruling on his motion to reconsider his sentence. By order dated September 22, 2004, this court denied the respondents' supplemental motion for summary judgment and gave the respondents 30 days in which to file a motion for summary judgment on the merits of the petitioner's claim.

On October 21, 2004, the respondents filed a second supplemental motion for summary judgment again asserting that the petitioner has not exhausted his state court remedies and ignoring the court's order to address the merits raised in the petitioner's initial

petition and supporting memorandum. On February 9, 2005, this court recommended that the respondents' motion for summary judgment be denied and that the respondents be instructed to file a supplemental motion within 10 days addressing the merits of the petitioner's habeas corpus petition. By order dated March 30, 2005, the district court adopted the recommendation and allowed the respondents 30 days to file a supplemental motion to address the merits of the petition.

The respondents filed a third supplemental motion for summary judgment on February 24, 2005. By order dated February 25, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 1, 2005, the petitioner filed a response to the respondents' motion.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

4

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## ANALYSIS

### *Ground One*

As his first ground for relief, the petitioner contends that the trial court lacked subject matter jurisdiction because his indictment was not filed with the Sumter County Clerk of Court, as required by Rule 3(c) of the South Carolina Rules of Criminal Procedure. The plaintiff's assertion raises an issue of state law because it questions the interpretation of state statutes and, therefore, is not cognizable in a federal habeas case. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir., 1998). The petitioner in *Wright* claimed that the trial court lacked jurisdiction of certain counts in his indictment. He had raised this claim on state habeas review and the Virginia Supreme Court had "concluded it had 'no merit.'" *Id.* at 158. Thus, the Fourth Circuit held that "even if we were to conclude after an independent review that the state court's holding was incorrect, we are nevertheless bound by it as a

5

final determination of state law by the highest court of the state." *Id.* Thus, the petitioner's first ground for relief fails to state a claim upon which federal habeas relief may be granted.

***Ground Two***

As his second ground for relief, the petitioner claims ineffective assistance of counsel. In particular, the petitioner avers (verbatim) "that his trial counsel was inept, and constitutionally ineffective":

> for giving him erroneous, and egregious advice to plead guilty . . . counsel never informed the petitioner of his potential defenses to the charges which is a corner stone of effective assistance of counsel[;] . . . for failing to investigate, research and prepare me a defence for the court lacking jurisdiction to entertain my case because my indictment is not filed with the clerk of court[;] . . . for failing to investigate, research, & prepare his defense for the court lacking subject matter jurisdiction to hear this case, for the indictment being "VOID," because the Grand Jury was selected in a racially discriminary manner[;] . . . for failing to investigate, research and prepare me a defense for there being no oath and affirmation to support probably cause for the warrant to be issued in this.

(Pet. mem. 3-5).

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id*. at 689.

Here, the petitioner claims his trial counsel was ineffective for advising him to plead guilty when he allegedly had potential defenses to the charges against him. However, the petitioner does not specify the defenses allegedly available to him. Thus, he fails to state a claim for which habeas relief can be granted. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) ("naked allegations" are not cognizable under federal habeas corpus statutes); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted").

The petitioner further contends that trial counsel was ineffective for failing to adequately investigate and prepare a defense based on his assertion that the indictment in this case was not filed with the Sumter County Clerk of Court and thus the trial court lacked subject matter jurisdiction. Rule 3(c) of the South Carolina Criminal Rules of Procedure instructs that indictments shall be filed with the clerk of court, assigned a case number and presented to the grand jury. S.C.R.Crim.P. In a case regarding the precursor to Rule 3(c), the South Carolina Supreme Court held that the provisions of this rule were administrative – not jurisdictional – and that failure to file the indictment with the clerk of court did not invalidate the prosecution of the petitioner. *State v. Culbreath*, 316 S.E.2d 681 (S.C. 1984). Thus, the plaintiff cannot show prejudice from counsel's failure to prepare a defense based on the alleged failure to file the indictment with the clerk of court.

The petitioner contends that his trial counsel was ineffective for failing to adequately investigate and prepare a defense based upon the supposed lack of subject matter jurisdiction as a result of the petitioner's allegation that the grand jury was selected in a racially discriminatory manner. Beyond his conclusory allegation, the petitioner presents no evidence of any impropriety in the selection of the grand jury. For reasons discussed below regarding his seventh ground for relief, the petitioner cannot show

prejudice from counsel's failure to prepare a defense based on this allegation of lack of subject matter jurisdiction.

The petitioner also contends that his trial counsel was ineffective for failing to investigate and prepare a defense based upon the supposed lack of an oath and affirmation to support probable cause for the issuance of an arrest warrant. Again, the petitioner presents no evidence to support this allegation, and the respondents contend that probable cause is set forth by a sworn affiant for each arrest warrant. Moreover, the petitioner pleaded guilty to the criminal charges against him. His guilty plea "acted as a waiver of all non-jurisdictional defects." *US v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). As discussed below with respect to the petitioner's third, fourth and fifth grounds for relief, the petitioner entered a knowing and voluntary guilty plea to the criminal charges against him. By doing so, he waived any alleged defect in the arrest warrant. Finally, the subsequent return of a sufficient indictment by a validly constituted grand jury cured any alleged defect in the arrest warrant. *Suarez v. United States*, 333 F.2d 366, 366 (5th Cir. 1964); *Painter v. Peyton*, 257 F.Supp. 913, 915 (E.D.Va. 1966). Under these circumstances, the petitioner is unable to establish that he was prejudiced by his trial counsel's failure to prepare a defense based upon the alleged deficiencies of the arrest warrants. His second ground for relief is without merit.

***Ground Three***

As his third ground for relief, the petitioner contends that his guilty plea was not "freely, knowingly, voluntarily, and intelligently given." Specifically, he claims:

> A plea of guilty cannot be valid under the 14th Amendment Jurisprudence, and Federal Law as determined by the U.S. Supreme Court if a defendant receives ineffective assistance of counsel . . . Counsel gave the petitioner erroneous and egregious advice to plead guilty when the petitioner had several meritous defenses for trial to arrest the judgment, insofar the

> petitioner's counsel advised him to plead guilty before a court without jurisdiction, or subject matter jurisdiction to even hear the case. . . . I would further aver that my plea of guilty was [N]ot freely, knowingly, voluntarily and intelligently given to the court because I had No cognition of the defenses to the criminal charges against me . . . [and] because I was [N]ot advised of the mandatory minimum sentence to charge of armed robbery.

(Pet. mem. 6-9). The petitioner does not discuss this ground or expand upon these allegations in his response to the respondents' motion for summary judgment.

As discussed above, the petitioner has not established his claim for ineffective assistance of counsel. To the extent that he claims his guilty plea was the result of ineffective assistance of counsel, this allegation is without merit.

The petitioner also contends that his guilty plea was not given freely and voluntarily because he was unaware of "meritous" defenses to the charges against him. As discussed above, the petitioner has presented no evidence or otherwise established that any meritorious defenses existed. Thus, this allegation is also without merit.

To the extent that the petitioner claims his guilty plea was involuntary because he was not advised of the mandatory minimum sentence for the charge of armed robbery, this allegation fails also. During his plea colloquy, the petitioner responded that he understood the trial court's explanation that he could receive 30 years in jail for armed robbery, 30 years in jail for kidnaping, and five years in jail for possession of a weapon during a violent crime. He further responded that he understood that he could receive up to 65 years imprisonment if the trial court imposed consecutive sentences upon him. Additionally, he responded that he understood the trial court's explanation that the offenses of armed robbery and kidnaping were designated under state law as "most serious offenses," meaning that if he ever committed another serious or most serious offense, as defined by state law, then he would be subject to receiving a sentence of life imprisonment without the possibility of parole (Tr. 5-6). Indeed, the petitioner's trial counsel represented

9

to the trial court that the petitioner understood the significance of his guilty plea as well as the possible sentences and his constitutional rights (Tr. 3.)  The petitioner also told the trial court that he was pleading guilty freely and voluntarily of his own will and accord (Tr. 10).

In *Sargent v. Waters*, 71 F.3d 158 (4th Cir. 1995), the Fourth Circuit explained:

> the Supreme Court has stated that habeas relief should be especially rare when the petitioner stated, upon entering the guilty plea, that he or she did so knowingly and voluntarily. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977); see also *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir.1991) (statements by petitioners at the time of pleading that they are doing so voluntarily amounts to strong, formidable evidence thereof), *cert. denied*, 503 U.S. 997 (1992).  We have further declared that, when a defendant is represented by counsel when making his guilty plea, that plea is strongly presumed to be valid in subsequent habeas proceedings.  *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir.1993), *aff'd*, 511 U.S. 485 (1994).

The petitioner has presented no reason for this court to depart from his sworn admissions made at the time of his guilty plea.

### *Grounds Four and Five*

As his fourth ground for relief, the petitioner contends that the evidence to support his armed robbery conviction was insufficient for a reasonable juror to convict him for the offense and thus he is being held in custody in violation of the Fourteenth Amendment. and the decision of the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979).  Similarly, as his fifth ground for relief, the petitioner contends that the evidence to support his conviction for possession of a weapon during commission of a violent crime under *Jackson*.  These allegations are also without merit.

The petitioner pleaded guilty to armed robbery and to possession of a weapon during commission of a violent crime.  "By entering a guilty plea, a defendant waives

constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." *Nixon v. Florida*, 125 S.Ct. 551, 560 (2004), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A guilty plea is "itself a conviction." *Boykin*, 395 U.S. at 242. Indeed, it is "more than a confession which admits that the accused did various acts," it is a "stipulation that no proof by the prosecution need be advanced." *Id.* at 242-43 & n.4. Thus, when he entered his guilty plea to the armed robbery and weapon possession charges, the petitioner stipulated that the prosecution did not have to present evidence of his guilt.

> During his plea colloquy, the following exchange occurred:
>
> The Court: You have got the right to a jury trial, let a jury decide if you committed these crimes. You don't have to satisfy the jury that you did not do these things. The State has to satisfy the jury that you did commit the crimes. But if you plead guilty, you don't get a jury trial, you give up that right. You understand that?
>
> Mr. Jackson: Yes, your honor.
>
> The Court: When you plead guilty, you give up your right to have [defense counsel] question the witnesses that the state would call to testify against you and you also give up the right to call your own witnesses who could tell your side of the story if you have got some. He doesn't get to question witnesses, you don't get to call witnesses when you plead guilty. You give up those rights. Do you understand that?
>
> Mr. Jackson: Yes, your honor.

(Tr. 7). Indeed, the petitioner represented that he understood not only the charges against him but also the constitutional rights that he was waiving by pleading guilty, including the right to a jury trial (Tr. 7-8). Again, the petitioner represented that he was pleading freely and voluntarily of his own will and accord (Tr. 10). Under these circumstances, there is no ground to justify habeas relief. Further, the Supreme Court's decision in *Jackson v. Virginia* involves the standard to be met before the prosecution's case may go to a jury; it does not

apply here where the petitioner entered a guilty plea. Accordingly, the petitioner's fourth ground for relief is without merit.

***Ground Six***

As his sixth ground for relief, the petitioner contends that the delay in hearing his motion for reconsideration of his sentence violated his rights to due process.

The Fourth Circuit has recognized the assumption of the United States Supreme Court that the right to a speedy trial extends at least to sentencing. *Brady v. Superintendent*, 443 F.2d 1307, 1310 (4th Cir. 1971) (citing *Pollard v. United States*, 352 U.S. 354 (1957)). Here, however, the petitioner does not allege a delay in sentencing. The trial court sentenced the petitioner when he entered his guilty plea to the criminal charges (Tr. 19-20). He was sentenced to 20 years for the counts of kidnaping and armed robbery and five years for the count of possession of a weapon during a violent crime; these sentences were to run concurrent.

The petitioner then filed a post-trial motion to reconsider his sentence. For unknown reasons, there was a delay of five years, seven months, and 27 days before his motion for reconsideration was ruled upon and denied. The petitioner did not appeal this denial. Rather, in the meantime, he filed the present petition for habeas relief. As a result of this delay, this court excused the exhaustion requirement for the petitioner. This delay, however, does not entitle the petitioner to habeas relief.

In *U.S. v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984), the defendant argued that a two-year delay in the preparation of his trial transcript for appeal constituted a due process violation that entitled him to release from custody. The Fourth Circuit found that even if the delay violated due process, there was no sound reason to order the defendant's release where his appeal had been heard and found lacking in merit. *Id.* at 382-83. Similarly, here, the petitioner's motion for reconsideration was heard and denied. There is

no further action to be taken by this court on his due process claim. The petitioner has presented no allegation that would justify habeas relief under these circumstances. Accordingly, his sixth ground for relief is without merit.

### *Ground Seven*

As his seventh ground for relief, the petitioner contends that the trial court lacked subject matter jurisdiction because the indictment was allegedly returned by a grand jury that was selected in a racially discriminatory manner. However, the petitioner pleads no further allegations and has provided no further evidence to support this conclusory allegation. Without evidence that would have supported a good faith objection by his trial counsel to the grand jury selection, the petitioner fails to state a ground for habeas relief. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (court of appeals is not required to raise issue of procedural default sua sponte); *Ellis v. Lynaugh*, 873 F.2d 830, 838-39 (5th Cir. 1989) (habeas petitioner's "mere conclusory allegations of discrimination" in grand jury selection were "insufficient to entitle an individual to relief"). Accordingly, the petitioner's seventh ground for relief is without merit.

### **CONCLUSION AND RECOMMENDATION**

Now, therefore, for the reasons set forth above, it is recommended that the respondents' third supplemental motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

September 2, 2005

Greenville, South Carolina