UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Alvin Wayne Jackson, Jr., # 251767, | ) | C/A No. 6:03-0680-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Colie L. Rushton; and Henry Dargan McMaster, Attorney General for the State of South Carolina, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

      Petitioner Alvin Wayne Jackson is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at the McCormick Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254.

**Procedural History**

      Petitioner was indicted in April 1998 for carjacking, kidnapping, armed robbery, possession of a firearm during the commission of or an attempt to commit a violent crime, possession of a pistol by a person under twenty-one (21), and grand larceny of a vehicle. Petitioner pled guilty on August 3, 1998, to armed robbery, kidnapping, and possession of a weapon during the commission of a violent crime. Petitioner was sentenced to twenty (20) years for the armed robbery, twenty (20) years for the kidnapping, and five (5) years for possessing a weapon during a violent crime, to run concurrently. Petitioner did not appeal the convictions or sentences. On August 12, 1998, petitioner filed a motion to reconsider the sentence that was imposed. On March 12, 2003, petitioner filed this *pro se* petition for writ of habeas corpus.

1

On April 29, 2003, respondents filed their first motion for summary judgment on the grounds that petitioner has failed to exhaust his remedies in state court. At the time of the filing of that motion, the state court had not ruled on the petitioner's motion for reconsideration, even though it had been pending for nearly five (5) years. On May 23, 2003, the Magistrate Judge recommended that the petition for summary judgment be denied because the delay in ruling on the petitioner's motion for reconsideration rendered state court remedies ineffective. On March 18, 2004, the Honorable C. Weston Houck adopted the Report and denied respondents' motion for summary judgment. The Court noted that the state court remedies were ineffective because, at that time, petitioner's motion for reconsideration had been pending five and a half (5½ years). The Court excused the exhaustion requirement and determined that petitioner's habeas petition should be addressed on the merits.

On April 21, 2004, the respondents filed a supplemental motion for summary judgement on the grounds that the petition was moot because the trial court denied petitioner's motion for reconsideration following a hearing on April 14, 2004. Respondents contended that the only relief sought by the petitioner in his habeas petition was a state court ruling on his motion to reconsider his sentence. On March 18, 2004, the Honorable C. Weston Houck denied the respondents' supplemental motion for summary judgment and gave respondents thirty (30) days in which to file a motion for summary judgment on the merits of petitioner's claims.          .

On October 21, 2004, respondents filed a second supplemental motion for summary judgment. This Court denied that motion on March 30, 2005, and gave the respondents' thirty (30) days to file a supplemental summary judgment motion addressing the merits of the petitioner's habeas corpus petition.

Respondents filed a supplemental motion for summary judgment on February 24, 2005. By

2

order dated February 25, 2005, pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. On April 1, 2005 petitioner filed a response to respondents' motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("the Report") of United States Magistrate William M. Catoe, filed September 2, 2005. This Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On September 21, 2005, petitioner filed his objections to the Magistrate Judge's Report.

## **Summary Judgment Standard**

Respondents filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element

3

of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### **Ground One**

The petitioner contends that the trial court lacked subject matter jurisdiction because his indictment was not filed with the Sumter County Clerk of Court, as required by Rule 3(c) of the South Carolina Rules of Criminal Procedure. He objects to the Magistrate Judge's recommendation that this ground fails to state a claim upon which federal habeas relief may be granted. Petitioner contends that the Magistrate Judge incorrectly refers to the rule as a "statute" and that, consequently, his interpretation of this ground is erroneous.

That the Magistrate Judge referred to the rule as a statute does not change the analysis of this ground. A state court's determination that one of its courts had jurisdiction over a purely state criminal charge is not a matter which is cognizable in federal habeas corpus petitions. *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998). Additionally, the South Carolina Supreme Court has held

4

that the precursor to Criminal Rule 3 is an administrative rule rather than a jurisdictional rule. Therefore, the failure to comply with Rule 3's provisions does not invalidate a prosecution. *South Carolina v. Culbreath*, 316 S.E.2d 681 (S.C. 1984). Consequently petitioner's objection is without merit and ground one fails to state a claim upon which this Court can grant relief.

### Grounds Two, Three, Six, and Seven

As to these grounds two, three, six, and seven of petitioner's habeas petition, he asserts in his objections that if this Court will appoint him counsel and grant him an evidentiary hearing he will be able to support these grounds with "sufficient evidence." As discussed above with regard to the summary judgment standard, a petitioner is required in response to a motion for summary judgment to go forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson*, 477 U.S. at 247-48. However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber*, 977 F.2d at 874-75. Petitioner has failed to put forth any evidence other than "his belief, conjecture, speculation, or conclusory allegations." He did not do so in his response to the motion for summary judgment or in his objections to the Report. In fact, petitioner merely reasserts the same conclusory allegations in his objections that he did in his response to the motion for summary judgment.

### Grounds Four and Five

Petitioner asserts in his objections that no facts exist to support that his guilty plea was voluntarily entered into. He asserts that "[t]he fact of Petitioner pleading guilty does not supersede the Rule 11 provision, of a factual basis need to be shown prior to the Court's acceptance of a plea of guilt[y]." (Objections p. 6.) However, a review of the Plea Transcript indicates otherwise:

> MR. WILDER: YOUR HONOR, ON OCTOBER THE 1ST, 1997, MRS. THAMES WAS LEAVING THE JESSAMINE MALL BY WAY OF THE BELKS EXIT.
>
> AS SHE GOT INTO HER VEHICLE, SHE WAS APPROACHED BY THE DEFENDANT WHO PUT AN UNKNOWN OBJECT TO HER BACK AND TOLD HER THAT HE HAD A GUN. THAMES ASKED HIM WHAT HE WANTED AND HE TOLD HER THAT HE WANTED A RIDE AND TO GET IN THE CAR.
>
> JACKSON ORDERED THAMES TO DRIVE HIM TO COLUMBIA MALL IN COLUMBIA, SOUTH CAROLINA, ROBBED HER OF $65 CASH AND FORCED HER INTO THE MALL WHERE HE HAD HER PURCHASE SOME $2,500 WORTH OF CLOTHING, JEWELRY, C.D.'S AND A CELLULAR PHONE.
>
> AND THEN THEY LEFT THE MALL AND DROVE TO AN UNPOPULATED AREA OFF OF I-20. JACKSON ORDERED THAMES OUT OF THE VEHICLE AND DROVE OFF.
>
> SHE WAS ABLE TO FLAG DOWN A MOTORIST AND WAS TAKEN TO THE COLUMBIA POLICE DEPARTMENT SUBSTATION. ON THE 4TH, THE LOUISIANA STATE POLICE TROOPERS STOPPED THAMES' VEHICLE FOR A TRAFFIC VIOLATION.
>
> JACKSON WAS IN THE VEHICLE AND WAS ARRESTED PURSUANT TO NOTIFICATION BY THE SUMTER POLICE DEPARTMENT THAT THE VEHICLE WAS STOLEN.
>
> YOUR HONOR, DETECTIVE KIMBRELL SIGNED THE ARREST WARRANTS AND WAS EXTRADITED BACK TO SUMTER. AND ON 12-9-97, JACKSON GAVE KIMBRELL A WRITTEN STATEMENT ADMITTING TO CARJACKING AND THE ARMED ROBBERY AND THE KIDNAPPING.
>
> YOUR HONOR, ALL THE ITEMS PURCHASED WERE RECOVERED EXCEPT FOR THE CELLULAR PHONE. THAMES' VEHICLE WAS RECOVERED.

(Plea Transcript at p. 11-13.) Despite petitioner's assertion, it is clear that the solicitor set forth a factual basis for the plea. Additionally, by pleading guilty, as petitioner did, "a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." *Nixon v. Florida*, 125 S.Ct. 551, 560 (2004), *citing Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Consequently, petitioner's claim is without merit.

**Conclusion**

In his report, Magistrate Judge Rogers recommends that respondents' motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court overrules all objections and adopts the Report and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 27, 2005
Florence, SC